No. 48,263

ROBERT E. PITTS, *Appellee,* v. AMY V. MARSH, *Appellant.*

(567 P.2d 843)

Opinion filed July 11, 1977.

*George D. McCarthy,* of Wichita, was on the brief for the appellant.

*Christopher J. Redmond,* of Wichita, was on the brief for the appellee.

*Per Curiam:* The defendant, Amy V. Marsh, appeals from a judgment decreeing specific performance of a written real estate contract signed by her and the plaintiff, Robert E. Pitts.

Defendant owned a duplex in Wichita, Kansas, which she listed with a real estate agency for sale at $17,000.00. The first offer she received was from plaintiff for $14,000.00. The offer was received one month after listing. The real estate agency advised defendant of the offer and two agents of that firm discussed the possibility of a sale with defendant at her home. A contract was drawn by one of the agents and was signed by the defendant. The contract was then presented to the plaintiff. He signed the contract and paid the $1,000.00 earnest money payment.

The contract was on a standard form in use by realtors in the Wichita area. It set forth the names of the parties, the legal description of the property and the selling price; acknowledged receipt of the down payment of $1,000.00; provided for installment payments and escrow of title documents; set forth the liability of the respective parties for transfer fees, escrow costs, taxes and insurance; outlined the handling of title requirements and the payment for title insurance costs; provided for termite inspection and treatment, if necessary; and set a closing date.

The defendant refused to perform the contract and an action was filed by the plaintiff. A trial was had to the court and specific performance was ordered.

Defendant-appellant asserts on appeal that the trial court erred in finding the contract was clear and unambiguous. She argues that the court directed her or her counsel to name an escrow agent and further directed that if plaintiff failed to make any of the monthly payments his interest in the property would be forfeited.

She contends since the sale contract failed to contain these necessary provisions it was too uncertain and indefinite to justify specific performance. She argues the court erred in making an agreement for the parties.

In order for a court to decree specific performance of a contract for the sale of real estate it is necessary the evidence pertaining thereto establish its terms, conditions and purposes with definiteness and certainty. (*Peterson v. Hagaman,* 162 Kan. 222, Syl. 2, 175 P. 2d 118.) The requirement of certainty in the terms of the contract extends to the parties, subject matter, purposes, consideration, place and time of performance, terms of payment and duration of the contract. (71 Am. Jur. 2d, Specific Performance, Sec. 34, p. 54.) Reasonable certainty in the terms of a contract is all that is required for a court to decree specific performance; the contract need not provide for every collateral matter or every possible contingency which might arise with respect to the transaction. (81 C.J.S., Specific Performance, Sec. 31 b, pp. 486 and 487; 71 Am. Jur. 2d, Specific Performance, Sec. 34, p. 54.)

In the present case the contract was in writing and covered the essential requirements with sufficient definiteness for the court to understand and enforce the mutual obligations of the parties as stated in the written instrument.

The court required the defendant to name an escrow agent to service the installment contract. It further declared that if plaintiff failed to make any monthly payment his title would be forfeited. These were collateral matters properly within the equity powers of the court in this case. They were not unreasonable requirements. They were largely for the benefit of the defendant. "[F]ees required in establishing and paying of escrow" were called for in the contract. The selection of an escrow agent is generally left to the seller as was directed by the court in this case. The strict forfeiture provision imposed by the court was most advantageous to the seller.

This sale was made through a real estate agency selected by the defendant. There was no evidence of fraud or overreaching by the plaintiff. The fact that defendant did obtain a later offer of $17,000.00 for the property does not establish that the prior $14,000.00 offer by plaintiff was unreasonably low. The amount of the $1,000.00 down payment and the terms of the contract relating to the installment payments were agreed upon at arm's

length and without pressure from the plaintiff. Interest on installment payments at 9½% per annum was suggested by the seller or her agents and was agreed to by plaintiff. The trial court properly decreed specific performance.

Judgment is affirmed.